[No. 8904.   Department Two.   December 12, 1910.]

## A. D. McADAM, *Respondent*, v. C. E. RUSSELL, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR. Error in instructions are harmless where the jury was not misled, and the only question in the case was one of law for the determination of the court.

CONTRACTS—BUILDING CONTRACT — PERFORMANCE. Failure to put saddle boards on the ridge pole of a house, when the total cost of doing so would not exceed one dollar, and which were not in the specifications and are not put on all houses, does not amount to non-performance of a building contract preventing a recovery of the contract price.

Appeal from a judgment of the superior court for Snohomish county, Carey, J., entered November 20, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.  Affirmed.

*Padgett & Bell*, for appellant.

*Robert McMurchie*, for respondent.

PER CURIAM.—This was an action brought by the plaintiff to recover the contract price agreed to be paid by defendant in the sum of $490, upon the completion of an addition to a certain building, besides the sum of five dollars as an extra. After the building was substantially completed, the plaintiff claiming that it was completed according to the contract on

[1]Reported in 112 Pac. 345.

July 28, 1909, and the defendant claiming that there had been some slight failure to complete the building, it was destroyed by fire on August 2, without fault of either party it is conceded. The defendant refused, on demand, to pay the contract price for the building. Trial was had, and a verdict rendered in favor of the plaintiff.

Appellant assigns as error some of the instructions of the court. But we think the instructions correctly stated the law, with the possible exception of the use of the words "preponderance of testimony" in one of them, and we feel certain, from an examination of the whole instruction, that the jury were in no way misled by this. In any event they become immaterial, for the reason that this case really presents a question of law rather than of fact, as under the conceded facts the only thing that was left to be done by the contractor was the putting of what are called "saddle boards" on the ridge of the roof. While we think the jury rightly reached the conclusion from the evidence that such boards were not necessary for the completion of the building, and were not within the contemplation of the contract, at the most this was too trifling a matter for the law to take notice of, the testimony being that the whole cost of the saddle boards, including labor and material, would not exceed one dollar. The testimony shows that these boards were not put on all houses. They were not called for in the specifications, and it was a matter of choice whether or not they should be put on. At most it was a trifling omission, and we think one which was seized upon by the appellant to aid him in escaping from the payment of a just debt.

The judgment is affirmed.